Appellant Cerrock Wire and Cable Company (Cerrock) is before this court on petition for a writ of certiorari from the trial court's denial of its post-judgment motion to require appellee Lewis Johnson (Johnson) to submit himself for a physical examination and vocational rehabilitation as provided by the workmen's compensation statute at §§ 25-5-77(b) and (c), Code of Alabama 1975 (1986 Repl.Vol.).
Cerrock contends that this statute requires an injured employee to submit himself for a physical examination at all reasonable times and that the employee shall submit to and undergo vocational rehabilitation at the election of the employer.
The threshold issue here, however, is whether §25-5-57(a)(4)(b), Code 1975 (Repl. Vol.), means that the circuit court has continuing jurisdiction to supervise matters relating to the physical condition of an employee who has been judicially determined at a previous trial to be permanently and totally disabled.
Section 25-5-57(a)(4)(b) provides, in pertinent part, as follows:
"(4) Permanent Total Disability.
 "b. Alteration, Amendment or Revision of Compensation. — At any time, the employer may petition the circuit court which awarded or approved compensation for permanent total disability to alter, amend or revise the award or approval of such compensation on the ground that as a result of physical or vocational rehabilitation, or otherwise, the disability from which the employee suffers is no longer a permanent total disability and, if the court is so satisfied after a hearing, it shall alter, amend or revise the award accordingly."
We agree with Cerrock that the adjudication of an employee as permanently and totally disabled does not mean that the employee cannot thereafter be required to submit to a physical examination or to engage in a program of rehabilitation.
If § 25-5-57(a)(4)(b), supra, means what it says, and we think it does, then §§ 25-5-77(b) and (c) provide that the circuit court can effectively determine the physical condition of an injured employee, order vocational rehabilitation if indicated, and concomitantly alter, amend, or revise the compensation award based upon what the evidence would be in any case. When the question is properly presented to a trial court, that court must determine if a permanently and totally injured employee is a proper candidate for vocational rehabilitation and whether the results of a physical examination would aid the trial court in making such determination. *Page 624 
In 1985, Johnson injured his back while he was employed by Cerrock as a maintenance mechanic. Soon thereafter a spinal fusion was performed on Johnson by a doctor selected by Cerrock, Dr. David Khoo. The spinal fusion was not successful. It either did not "take" or it "broke loose." Johnson continued to be under the care of Dr. Khoo until August 1986, some four months after his April trial, where the trial court found him permanently and totally disabled and awarded him compensation benefits payable biweekly.
In November 1986, Cerrock filed its motion in circuit court to require Johnson to submit to an examination by its doctor to determine if Johnson's physical condition was such that he would be a candidate for a rehabilitation program leading to reemployment with Cerrock in a job which would give due allowance to the physical limitations placed on Johnson by the examining doctor.
Our impression of Cerrock's position in this matter leads us to believe that Cerrock considers §§ 25-5-77(b) and (c) to be self-executing because in its post-judgment motion in the trial court, Cerrock did not allege that Johnson was no longer permanently and totally disabled, did not allege that his condition had improved, or that Cerrock had reason to believe that Johnson's physical condition had changed, or would change, so as to enable him to enter vocational rehabilitation since the trial at which he was adjudged to be permanently and totally disabled.
Cerrock's motion simply moved the circuit court to require Johnson to submit "to physical examinations and vocational rehabilitation performed by qualified individuals chosen by defendant," indicating that it expected the trial court to heed its request by summarily granting its motion to require Johnson to submit himself to a physical examination and to undergo vocational rehabilitation.
It is without dispute that no medical testimony or opinion was offered by Cerrock as to Johnson's present condition. Cerrock insists that it obviously had no present medical testimony and would have none until a physical examination could be completed on Johnson. But then no evidence was offered to show that Johnson had, since the trial, engaged in physical activity or work above a level of performance which he could reasonably be considered to participate in, commensurate with the extent of his back injury. In other words, nothing was presented to the trial court upon which it could reasonably conclude that Johnson's condition had improved in any way since the trial. To the contrary, Johnson testified that since the trial his condition has become worse. He described his continuous back pain and his inability to sit or stand except for short periods of time, along with the necessity to lie down or walk a short distance to ease his constant pain.
Our case law on a similar subject is well settled that an injured employee receiving compensation benefits may refuse medical treatment or surgical procedures only where his refusal is not unreasonable, and that the test of reasonableness, vel non, is a question of fact for the trier of fact for the court.Scott v. Alabama Machinery Supply Co., 52 Ala. App. 459,294 So.2d 160 (1974). The "reasonableness" standard was established by our supreme court's construction of the statute to mean that where a surgical operation is indicated, there must be some reasonable expectation that the employee's condition will improve and that the operation required will be reasonably danger-free. Gulf States Steel Co. v. Cross, 214 Ala. 155,106 So. 870 (1926).
Of course, the question here presents a situation of less severe consequences than a surgical operation. Nevertheless, we conclude that the same "reasonableness" standard is applicable to the case before us and for that reasonableness standard to come into play, a trial court must have before it some evidence upon which it could base a judgment requiring a physical examination and rehabilitation.
In view of the foregoing, we cannot conclude that the trial judge committed error requiring reversal of this case. *Page 625 
We therefore affirm the trial court.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.