This is a paternity case.
On August 2, 1985 Annie King filed a complaint alleging that James M. Washington is the father of Ms. King's daughter, Tamika Austin. Washington denied the allegation. A court referee determined Washington to be the child's father and ordered him to pay $35 per week as child support. Washington appealed to the Circuit Court of Mobile County and demanded a jury trial. The trial was held on March 10, 1988. The jury returned a verdict, finding that Washington is the father of the child. On March 30, 1988 the circuit court entered an order setting the case for a hearing before a court referee in order to determine support. On April 19, 1988 and before the support hearing, Washington filed this appeal. We dismiss the appeal for lack of a final judgment.
The question of whether a decree is final, so as to support an appeal therefrom, is jurisdictional. Moody v. State exrel. Payne, 351 So.2d 547 (Ala. 1977); Monroe v.Monroe, 356 So.2d 196 (Ala.Civ.App. 1978). Once a reviewing court determines that the decree appealed from is not final, that court has a duty to dismiss the appeal on its own motion. Taylor v. Major Finance Co., 289 Ala. 458,268 So.2d 738 (1972); Jim Walter Homes v. Holman,373 So.2d 869 (Ala.Civ.App. 1979).
A final judgment is a terminal decision which demonstrates that there has been a complete adjudication of all matters in controversy between the litigants. Holland v. Holland,406 So.2d 877 (Ala. 1981). In contrast, the order appealed from in this case provides:
 "This matter having come before the Court for trial and a jury being struck and the case being heard by the jury and the jury finding that the Defendant, James M. Washington, is the father of the minor child, [Tamika] Austin, it is hereby ORDERED, ADJUDGED and DECREED by the Court as follows:
 "1. That this matter be re-set on the next available docket before a Court Referee for determination of support of said minor child."
This order is not a final judgment. Obviously, the amount of child support to be paid is a matter still in controversy between the litigants because the court never determined that amount.
Furthermore, section 26-17-14(a), Code 1975, provides:
 "(a) The order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes. Upon paternity being established, the court shall immediately determine support payments at the conclusion of the paternity hearing and make support payment determination a part of the order establishing paternity."
Thus, a final judgment in a paternity suit must include an order of child support payments. The trial court herein failed to comply with section 26-17-14(a). Rather than incorporating the support award into its order establishing paternity, the court set the case for a further hearing before a court referee for determination of the support award. For aught that appears in the record, this hearing has not yet been held. Because there remains a dispute between the parties as to the amount of support to be paid, there is no final judgment.
In the absence of a final judgment, no appeal will lie.Taylor v. Major Finance Co., supra.
APPEAL DISMISSED.
HOLMES and INGRAM, JJ., concur.
 *Page 30