PER CURIAM.
This case began in the Juvenile Court of Marshall County, Alabama, with the filing of a child sexual abuse complaint in December 1990.
E.H. (mother) and S.H. (father), the natural parents of A.H. (minor child), were divorced in Alabama in 1987, with the mother retaining custody of the minor child. While the mother was residing in Florida in 1988, the father filed a petition in circuit court in Volusia County, Florida, to domesticate the divorce judgment and to insure his right to continuing visitation with the minor child. After a hearing, the judgment was domesticated, and the father’s visitation rights were maintained.
In October 1988, a dependency action was initiated in the circuit court in Marion County, Florida, with allegations that the father had sexually abused the minor child. After various motions and hearings, a temporary custody and visitation order was entered on June 30, 1989, in favor of the father. Subsequent contempt proceedings initiated by the father resulted in the mother being incarcerated in August 1989.
On August 31, 1989, the Florida court appointed special counsel for the minor child and later appointed psychologists to examine the parties. After the minor child was located by law enforcement personnel on September 11, 1989, a stipulated order was entered providing for court custody of the minor child.
Finally, an order was issued in the Marion County court which placed the minor child in the primary custody of the father, with the mother having the right to liberal supervised visitation. Notably, the trial court in Marion County specifically retained exclusive jurisdiction over all matters pertaining to the parties. Also notable was the court’s finding that the minor was abused sexually, but conclusively not by the father.
*11 The Florida trial court, based on medical and other testimony, specifically found that:
“9. [The minor child] was sexually abused after August 1,1988, and prior to November 11,1988, by persons unknown; but conclusively not by [the father].
[[Image here]]
“11. [The minor child] was sexually abused while in hiding between July 30, 1989, and September 2, 1989, and the perpetrator of that abuse was a third person or persons.
[[Image here]]
“15. [The mother] lived continuously with [the maternal grandmother] between May 14, 1987, and June 29, 1989.
“16. [The mother’s] personality and decision making processes are influenced and dominated by [the maternal grandmother], but [the mother] is unaware or unwilling to recognize the scope of that influence.
“17. [The maternal grandmother] suffers from a personality disorder that is manifested by obsessive behavior regarding sex, religion (including bizarre rituals involving mystic incantations), child sex abuse, and men in general; resulted in the unfounded accusations of abuse against other family members, including unborn children; prompted her to write extortionate letters to [the father] demanding additional monies under threat of instigating ‘trouble’; and following through on those threats by conspiring to prompt simultaneous abuse charges against [the father] in Alabama and Florida.
[[Image here]]
“20. [The mother] has continuously and consistently violated lawful orders of this and other courts and exhibits a negative attitude toward authority figures in general and police and the court system in particular.”
The mother returned to Alabama and filed a child sexual abuse complaint on December 14, 1990, against the father, alleging the same facts which were before the court in Florida. After considering the arguments of counsel, the trial court in Alabama dismissed the mother’s complaint because of “the Rules of Comity, and the obligation of honoring the judgments of sister states.”
The mother appeals, arguing that Alabama has jurisdiction under the Parental Kidnapping Prevention Act (PKPA), the Uniform Child Custody Jurisdiction Act (UCCJA) and/or the Alabama Protection From Abuse Act (APFAA). She also argues that it was error for the trial court not to appoint a guardian ad litem for the minor child.
Although the mother cites us to the PKPA and the UCCJA to substantiate her claim that Alabama has jurisdiction, we note that both of these statutes deal with jurisdiction in child custody cases. The case before us does not involve child custody but involves the dismissal of a child sexual abuse complaint. The mother acknowledges in her complaint and in her brief that the custody of the minor child is not the issue, but that the sexual abuse complaint is the issue. Therefore, these two statutes are inapplicable.
Concerning the APFAA, we note that § 30-5-10(a), Code 1975, states that “any defendant shall have the same rights, remedies, and due process where any wrongful action is instituted as any defendant in other civil and criminal actions.” One such concept is comity, upon which the trial court based its dismissal of the mother’s complaint. In MacLeod v. MacLeod, 448 So.2d 361, 362 (Ala.Civ.App.1983), comity is addressed as follows:
“The courts of Alabama have recognized the principle of comity. Comity, however, is not required of state courts, but is a principle of courtesy where one jurisdiction will give effect to the laws and decisions of another jurisdiction out of deference and respect. Whether a court will give comity to a foreign court’s decisions rests in the judicial discretion of the court where enforcement is sought.”
(Citation omitted.)
Here, the trial court dismissed the mother’s complaint because it found that *12 the issues had been litigated previously in a Florida court, and that court expressly retained jurisdiction of the subject matter. As stated earlier, the order from the Florida court specifically found that the father did not sexually abuse the minor child. Furthermore, the complaint filed in the trial court in Alabama did not allege that the father had committed any new acts of sexual abuse against the minor child, it only reiterated the allegations which were dealt with in Florida. Accordingly, we hold that the trial court did not abuse its discretion by giving comity to the decision of the Florida court.
As to the mother’s final issue, we note that the minor child was not represented by a guardian ad litem during the hearing on the motion which resulted in the dismissal of the mother’s complaint. However, since the purpose of the hearing was merely to determine a matter of law, we hold that any error which the trial court committed rose only to the level of harmless error.
Based on the foregoing, we affirm the judgment of the trial court.
AFFIRMED.
All the Judges concur.