The wife filed a complaint for divorce, asking that the trial court grant her custody *Page 907 
of the parties' six-year-old child. After an ore tenus proceeding, the trial court entered an order granting custody of the child to the father and dividing the property. However, the order neither granted nor denied a divorce to the parties. The wife filed a "motion for new trial or in the alternative to alter, amend or vacate the final decree of divorce; motion to stay the court's order; and motion to expunge." After a hearing the trial court denied the motion as to child custody and granted it as to the property division. The order again did not address the issue of divorce. The wife appeals, contending that the trial court erred in its award of custody. We dismiss the appeal.
Although there was considerable testimony concerning the custody of the child, because we must address the question of whether an appealable decree was rendered by the trial court, we need not detail the facts as set forth in the testimony.
At the outset we note that a final judgment is one in which there has been a complete adjudication of all matters in controversy between the parties. Washington v. State exrel. King, 537 So.2d 967 (Ala.Civ.App. 1988). The question of whether a decree is final and will support an appeal is jurisdictional, and once this court determines that the decree appealed from is not final, it has a duty to dismiss the appeal on its own motion. Id. Where there is no appealable judgment or decree in the record, we have no alternative to dismissing the appeal. McGraw v.McGraw, 282 Ala. 7, 208 So.2d 206 (1968).
In the present case the trial court did not address the issue of divorce, neither granting nor denying it. However, it granted custody and child support and divided the property. The wife challenges the correctness of awarding custody without divorcing the parties. However, where the jurisdiction of the court is invoked and the welfare of children is concerned, a court has the inherent power to enter a decree for their custody and support. Tcherneshoff v. Tcherneshoff,283 Ala. 700, 220 So.2d 888 (1969); Dockins v. Dockins,475 So.2d 571 (Ala.Civ.App. 1985).
Nevertheless, because there is not a complete adjudication of all the matters between the parties, there is not a final judgment. Washington. We have no alternative but to dismiss the appeal. McGraw.
APPEAL DISMISSED.
ROBERTSON, P.J., and THIGPEN, J., concur.