THIGPEN, Judge.
This is a workmen’s compensation case.
The record reveals that following an ore tenus proceeding, the trial court entered an order in June 1991, finding that John Pate was injured in the line and scope of his employment with Jack Cornelius Shop d/b/a Crossroads Equipment (Crqssroads). The trial court determined that Pate was permanently and totally disabled and it awarded benefits accordingly. Ultimately, in September 1992, Pate filed a motion seeking to have all payments due from Crossroads paid in a lump sum pursuant to Ala.Code 1975, § 25-5-86. The trial court did not rule on Pate’s motion within 90 days and Pate appeals.
Pate contends that failure to rule on this motion within 90 days amounted to denial of his motion by operation of law, pursuant to Rule 59.1, A.R.Civ.P., and that such denial was error.
Pate acknowledges that his motion to compel lump-sum payments was made pursuant to Ala.Code 1975, § 25-5-86. Hence, his motion was clearly not within the ambit of Rule 59.1, A.R.Civ.P. See Hollingsworth v. Wright, 369 So.2d 18 (Ala.Civ.App.1979). Pate’s motion of September 1992, was not denied by operation of law pursuant to Rule 59.1, A.R.Civ.P., and it appears from the record that it is still pending.
Unless otherwise specified by law, a proper appeal will lie only from a final order or judgment. Smith v. Jones, 554 So.2d 1066 (Ala.Civ.App.1989). When there is no final judgment, this court is without jurisdiction to hear the matter, and the appeal must be dismissed. Ala.Code 1975, § 12-22-2; Swann v. Stovall, 506 So.2d 1017 (Ala.Civ.App.1987).
For the foregoing reasons, we find that Pate’s appeal is improper, and that this court has no jurisdiction to hear the appeal. This appeal is due to be dismissed.
Appeal Dismissed.
ROBERTSON, P.J., and YATES, J., concur.