PER CURIAM.
This is the second time this case has been before this court. See E.H. v. S.H., 596 So.2d 9 (Ala.Civ.App.1991). Primary custody of the parties’ minor child had been awarded to the father by the Circuit Court of Marion County, Florida. That court “specifically retained exclusive jurisdiction over all matters pertaining to the parties.” Id. at 10. The mother filed a complaint in the Circuit Court of Marshall County, Alabama, alleging that the father had sexually abused the child. She alleged the same facts that were previously before the Florida court. The Alabama trial court dismissed the mother’s complaint because of what it called “the Rules of Comity and the obligation of honoring the judgments of sister states.” Id. at 11. The mother appealed to this court, and on November 15, 1991, we affirmed.
On October 19, 1992, the mother filed a petition in the Circuit Court of Marshall County, Alabama, seeking to modify the custody award. The father moved to dismiss the petition on the grounds that Alabama lacked jurisdiction. On May 17, 1993, the mother petitioned for a writ of habeas corpus, requesting, among other things: that the child be delivered to her immediately; that the Circuit Court of Marion County, Florida, be enjoined from continuing to exercise jurisdiction; and that damages be awarded to her in the sum of $1,500,000. Again, the father moved to dismiss, and alternatively'he requested that the matter be set for trial. The trial court has not ruled on either petition. The mother has filed a notice of appeal and attempts to raise numerous issues.
The mother’s petition to modify the custody award presents no basis for considering a custody modification. Further, all of the matters have been litigated to the fullest extent. The father asserts that the appeal is due to be dismissed, arguing that there has been no final judgment from which the mother can appeal. He requests that this court impose sanctions against the mother in the form of damages, costs, and attorney fees, pursuant to Rule 38, Ala.RApp.P., and the Alabama Litigation Accountability Act, Ala. Code 1975, § 12-19-272.
Because we find no appealable judgment that was rendered by the trial court, we pretermit discussion of the issues raised and summarily dismiss the appeal.
It has long been the rule that, with a few exceptions, an appeal will lie only from a final judgment. Taylor v. Taylor, 398 So.2d 267 (Ala.1981); Bridges v. Bridges, 598 So.2d 935 (Ala.Civ.App.1992). There is a final judgment where all matters in controversy before the court have been fully adjudicated. Peeks v. Peeks, 602 So.2d 906 (Ala.Civ.App. 1992). When an appeal is not based on a final judgment, this court has no choice but to dismiss the appeal. Id.
The record reveals that the mother’s appeal is without legal merit and that she has made numerous unnecessary filings. After filing a petition to modify the award of custody, she filed an action alleging conspiracy between the father, his attorney, and the presiding judge. Thereafter, she filed a petition for a writ of habeas corpus, a motion to amend the petition, an “addendum of law”, an addendum and second motion to amend the petition, and, finally, this appeal.
This appeal is frivolous and is due to be dismissed. The father’s request for sane- *741 tions against the- mother is granted in the amount of $1,000.
APPEAL DISMISSED.
All the Judges concur.