This is an appeal of a post-judgment order concerning a motion to modify visitation and child support and a motion to dismiss a guardian ad litem.
In this case, shortly after the parties' divorce was granted in circuit court, Jamie Thompson, the father filed a petition in the district court's juvenile division alleging that his son was dependent and in need of supervision. The record shows that the juvenile court found that the son was dependent, and from that point on, the juvenile court has retained jurisdiction of issues concerning the son. Twice the father has attempted to have a motion concerning visitation heard in the circuit court, and twice the circuit court has transferred the motions to the juvenile court, saying that the juvenile court has exercised jurisdiction over this matter for a number of years. The father first contends that the district court's juvenile division does not have jurisdiction over the visitation issue, because, he says, there is no emergency or other grounds supporting the court's jurisdiction. The father argues that because the circuit court initially had jurisdiction over the issues of custody and visitation as part of the parties' divorce action, the circuit court has jurisdiction over this matter.
We note that the juvenile court has jurisdiction over proceedings to determine custody of a child when the child is otherwise before the court. § 12-15-30(b)(1), Ala. Code 1975. Once the juvenile court obtains jurisdiction in the case of a child, it retains jurisdiction, with certain exceptions not relevant here, until the child is 21 years old or until its jurisdiction is terminated by order of the juvenile court. § 12-15-32(a), Ala. Code 1975; see also, Valero v. State,511 So.2d 200, 203 (Ala.Civ.App. 1987).
The father also contends that the trial court abused its discretion in denying his motion to dismiss the guardian ad litem, in refusing to grant him more generous visitation rights, and in refusing to vacate its order increasing his child support. However, the record shows that the trial court did not enter a final order as to these issues.
After a hearing on the motions, the juvenile court entered an order stating, "[P]etitioner given 7 days to present other authorities for change of visitation without showing or alleging change in circumstances or that it would be in the best interests of the child. Respondent should have 7 days after receipt of authorities to respond." The trial court also denied the father's motion to dismiss the guardian ad litem. *Page 45 
"Unless otherwise specified by law, a proper appeal will lie only from a final order of judgment." Pate v. Jack CorneliusShop, 628 So.2d 782 (Ala.Civ.App. 1993); § 12-22-2, Ala. Code 1975. "A final judgment is one in which there has been a complete adjudication of all matters in controversy between the parties." Peeks v. Peeks, 602 So.2d 906, 907
(Ala.Civ.App. 1992). Where there is no appealable order, this court has no choice but to dismiss the appeal. Id. The issues of whether visitation and support should be modified are pending; therefore, there has not been a complete adjudication of all matters between the parties pending before the juvenile court. The appeal is dismissed.
The wife's request for an attorney fee on appeal is granted in the amount of $500.
APPEAL DISMISSED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.