MONROE, Judge.
This is an appeal from a post-judgment order in a workmen’s compensation case finding the employer in default of past payments for permanent total disability and ordering that future payments be made in a lump sum.
This case has a complicated post-judgment procedural history. In June 1991, after ore tenus hearings, the trial court entered a final judgment, finding that the employee, John Pate, was permanently and totally disabled. In July 1991, the employer, Jack Cornelius Shop, d/b/a Crossroads Equipment (Crossroads), filed a motion for a new trial or, in the alternative, to alter, amend, or vacate the judgment. In that motion, Crossroads alleged that the trial court had incorrectly applied § 25-5-77(b), Ala.Code 1975, by not properly considering Pate’s refusal to submit to physical therapy in making its determination of permanent total disability. After 90 days, that motion was denied by operation of law. Rule 59.1, Ala.R.Civ.P. Crossroads did not appeal the denial of that motion or the final judgment finding permanent total disability.
In April 1992, Pate filed a motion to enforce the judgment, alleging that Crossroads had defaulted on the monthly payments. Crossroads was properly notified of the alleged default. On June 19, 1992, Pate filed a motion for modification of the judgment, requesting that future payments be made in a lump sum, pursuant to § 25-5-86, Ala.Code 1975, because of Crossroads’ alleged default. On June 24,1992, the trial court ordered that all partial payments due to Pate be made current by July 1,1992, and that if they were not current by then the court would consider Pate’s motion for a lump sum payment. On June 30, 1992, Crossroads belatedly responded to Pate’s motion for a lump sum payment, arguing that it was not in default because, it alleged, Pate had refused to undergo physical rehabilitation requested by the employer. Crossroads then paid a sum of money into the court, via the circuit clerk’s office, which it contended covered the amount of the alleged default the court had ordered it to pay. It did not pay the money to Pate, and no further monthly installments were ever paid, either to Pate or into the court.
In September 1992, Pate filed another motion alleging that the employer was in default *545 and requesting a lump sum payment. The trial court did not rule on that motion and, after 90 days, Pate appealed to this court, alleging that it had been denied by operation of law under Rule 59.1, Ala.R.Civ.P. This court dismissed Pate’s appeal, holding that Pate’s motion did not fall within the ambit of Rule 59.1, and, therefore, that the motion was still pending before the trial court. Pate v. Jack Cornelius Shop, 628 So.2d 782 (Ala. Civ.App.1993). The trial court never ruled on that motion, and Pate filed another virtually identical motion in June 1994.
In the meantime, beginning in August 1993, Crossroads filed a number of identical motions, styled “Motion to Alter, Amend or Vacate Judgment.” The last one was filed on October 26,1994. These motions were virtually identical to Crossroads’ original post-judgment motion for a new trial, or, in the alternative, to alter, amend, or vacate the judgment. They described Pate’s failure, before trial of this case, to obtain medical treatment and his refusal, both prior to trial and subsequent thereto, to undergo physical therapy as requested by Crossroads. These motions requested the court to enter an order compelling Pate to submit to this requested medical treatment and to reassess the case after this treatment. They further requested the court to find that Pate was not entitled to payments from April 1992 until such time as he submitted himself to physical therapy and to order that the circuit clerk repay Crossroads the money it had paid into the court after the trial court’s June 1992 order.
On January 24,1995, the trial court finally ruled on Pate’s motion for a lump sum payment and on Crossroads’ motion to alter, amend, or vacate the judgment. The trial court found that Crossroads was in default of periodic payments due Pate for permanent total disability and that it was properly notified of its default, pursuant to § 25-5-86, Ala.Code 1975. The trial court ordered Crossroads to pay all past due installments, including a 15% penalty fee, and to ascertain the present value of all future payments and pay that amount to Pate. Crossroads appeals from this order.
Crossroads contends that the trial court erred in finding it in default, because it contends that it was not required to pay Pate, pursuant to § 25-5-77(d), Ala.Code 1975, after he refused to submit to physical therapy. Crossroads further contends that the trial court erred in not granting its motion to alter, amend, or vacate the judgment and to order Pate to undergo physical therapy and then to reassess Pate’s injury.
Crossroads correctly argues that, under §§ 25-5-77(b) and 25-5-57(a)(4)b., Ala.Code 1975, an employee can be required to submit to a physical examination or a rehabilitation program after he has been adjudicated to be permanently and totally disabled. Cerrock Wire & Cable Co. v. Johnson, 533 So.2d 622 (Ala.Civ.App.1988). However, Crossroads apparently is under the mistaken belief that § 25-5-77(b) is self-executing, and that once it had requested that Pate submit to physical therapy and Pate refused, it had the right to cut off Pate’s workmen’s compensation benefits on its own, without an order of the court requiring Pate to submit to physical therapy. In Cerrock, supra, this court held that the application of § 25-5-77(b) does not have the same effect when an employee is requested to submit to an examination post-judgment as when such a request is presented to the court during the pendency of the original case. Crossroads could not cut off Pate’s workmen’s compensation benefits, based on Pate’s post-judgment refusal to submit to medical treatment, until the case was properly reopened and the trial court ordered Pate to submit to the treatment and the trial court found that Pate had unreasonably refused to submit to the treatment. See Cerrock, supra.
Crossroads is also apparently under the mistaken belief that a mere motion asking the court to require Pate to submit to a physical examination and/or physical therapy is all that is needed to procedurally reopen the case for alteration, amendment, or vacation. Under the guidelines set out in Cer-rock, supra, Crossroads was at least required, in its post-judgment motion, to allege that Pate was no longer permanently and totally disabled, and to allege that Pate’s *546 condition had improved, or that there was reason to believe that Pate’s physical condition had changed since the trial, or would change. None of these allegations is found in any of Crossroads’ post-judgment motions to alter, amend, or vacate the judgment. Additionally, there is no evidence in the record that there was a hearing where Crossroads met its burden of proof by showing such a post-judgment change in Pate’s condition. There is certainly no order by the trial court in the record directing Pate to submit to further medical examinations.
We find that Crossroads did not properly reopen this case for the trial court to determine whether Pate should undergo post-judgment medical treatment. Therefore, the trial court properly found that Crossroads was in default for failure to pay Pate compensation benefits, because it ceased payment of the compensation benefits on its own, without an order by the trial court directing Pate to undergo the requested medical treatments. Consequently, we find no error in the trial court’s order requiring that Pate’s compensation be paid in a lump sum, pursuant to § 25-5-86, Ala.Code 1975.
Appellee’s request for an attorney’s fee on appeal is granted in the amount of $500.00.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY,. JJ., concur.