855 So.2d 1123 (2003)
Ellis PAULK
v.
William L. McCARTY, as trustee of the William L. McCarty, Jr. DMD PA Profit Sharing Plan and Trust.
Gilbert J. Malish, Jr., et al.
v.
William L. McCarty, as trustee of the William L. McCarty, Jr. DMD PA Profit Sharing Plan and Trust.
2011225 and 2011277.
Court of Civil Appeals of Alabama.
February 28, 2003.
*1124 Charles H. Volz III of Volz & Williams, P.C., Montgomery, for appellants Gilbert J. Malish, Jr., et al.
R. Brooke Lawson III of Capell & Howard, P.C., Montgomery, for appellant Ellis Paulk.
Jesse M. Williams III and Hendon B. DeBray of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for appellee.
PITTMAN, Judge.
These appeals concern the duty of a court to award litigation expenses to the defendant in a condemnation case when a final judgment denying condemnation has been entered.
In June 1998, William L. McCarty, acting as the trustee of the William L. McCarty, Jr. DMD PA Profit Sharing Plan and Trust (hereinafter "the condemnor"), filed a complaint in the Montgomery County Probate Court pursuant to § 18-3-1 et seq., Ala.Code 1975, seeking condemnation of a right of way across several parcels of land lying between property owned by the condemnor and a nearby public highway. Named as defendants were a number of parties who held ownership interests in the parcels over which the condemnor's proposed right of way would run, including Ellis Paulk; Gilbert J. Malish, Jr.; and Betty Bonita Malish; a subsequent amendment to the condemnor's complaint added as defendants Michael Malish and Debra Malish, who were tenants holding an option to purchase land owned by Gilbert Malish and Betty Malish. We will refer to these defendants (who are appellants in this court) as "Paulk" and "the Malishes."
The probate court entered an order in September 1999 granting the condemnor a right of way and appointing three commissioners to assess the damages and compensation due to be awarded. The commissioners' report proposed awards of $2,000 to Paulk and $12,000 to the Malishes and the mortgagee of their property; the probate court then entered a final judgment in December 1999 awarding those amounts as damages and compensation for the condemnor's taking of the right-of-way.
In January 2000, Paulk and the Malishes appealed from the probate court's judgment to the Montgomery Circuit Court pursuant to § 18-1A-283, Ala.Code 1975, *1125 seeking a trial de novo as to the issues decided by the probate court. In the circuit court, the condemnor sought to amend the complaint so as to amend the legal description of the property subject to the right of way; however, Paulk objected to the proposed amendment, arguing that the circuit court was without jurisdiction to grant a right of way that differed from the right of way sought by the condemnor and granted in the probate court. In addition, both Paulk and the Malishes argued that a more convenient route between the condemnor's property and a public road existed than was proposed by the condemnor. After an ore tenus proceeding, the circuit court entered a judgment in January 2001 denying the relief requested by the condemnor, concluding that the probate court had not considered other possibly more convenient routes and that the probate court had heard no evidence concerning the particular right-of-way that the condemnor had sought in the proposed amended complaint in the circuit court. Although the circuit court denied the relief requested by the condemnor, that court "remand[ed] the entire matter for further consideration" by the probate court, stating that it "require[d] the [condemnor] to return to the Probate Court" should the condemnor wish to amend the complaint "to reflect a different easement or right of way than was originally sought in the Probate Court and for the Probate Court to consider ... other possible routes."
In response to the circuit court's reversal of the probate court's judgment and its remanding the cause to the probate court for further proceedings, the condemnor filed a motion requesting that the circuit court vacate its order remanding the cause and to instead grant the right of way sought in the proposed amendment to the complaint filed in the circuit court; Paulk and the Malishes opposed that motion and filed motions seeking awards of their litigation expenses pursuant to § 18-1A-232, Ala.Code 1975. The circuit court denied each of those motions.
In December 2001, the condemnor filed a "motion for release of funds" in the circuit court. In that motion, the condemnor alleged that $14,000, which had been paid to the clerk of the probate court as damages and compensation pursuant to the December 1999 judgment, had been transferred to the clerk of the circuit court. The motion averred that the condemnor "ha[d] determined not to proceed further" in the probate court after remand; it requested that the $14,000 held by the circuit clerk be returned to the condemnor. In response to the condemnor's motion, Paulk argued that the circuit court should not release the funds until it had entered a final judgment finally denying the relief requested, dismissing all claims, and vacating any rights the condemnor might have obtained in Paulk's property. The Malishes then filed a motion seeking involuntary dismissal of the condemnor's action and another motion seeking an award of litigation expenses pursuant to § 18-1A-232.
On June 12, 2002, the circuit court entered a final judgment reciting the procedural history of the case and noting that its January 2001 order on appeal had, in denying the relief requested in the complaint, remanded the case to the probate court for further proceedings. The circuit court denied all relief requested in the condemnor's complaint as amended and expressly found in favor of all of the defendants. The circuit court stated that its judgment "constitute[d] a determination... that the [condemnor] is not entitled to the right of way sought over [the Malishes' and Paulk's] properties as described in the original Complaint or in the Complaint as Amended and constitutes a reversal of the order of the Probate Court"; it further stated that its judgment "eliminates the *1126 easement or right of way which was granted" by the probate court's judgment "and renders it of no force and effect." The $14,000 paid into court was directed to be returned to the condemnor.
Two days after the circuit court's final judgment, Paulk filed a motion for an award of litigation expenses. The condemnor filed responses in opposition to the motions of Paulk and the Malishes for litigation expenses, contending that the relief requested was outside the scope of § 18-1A-232 and was precluded by the circuit court's denial of an award of litigation expenses immediately following the remand of the case to the probate court in 2001. The circuit court entered an order on August 5, 2002, denying the motions for litigation expenses, concluding that it had never entered a final judgment on the merits.
Paulk and the Malishes filed separate notices of appeal from the circuit court's order denying litigation expenses. The Alabama Supreme Court transferred the appeals to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
As we noted in Williams v. Deerman, 724 So.2d 18, 20 (Ala.Civ.App.1998), the same principles and procedures set forth in the Alabama Eminent Domain Code, § 18-1A-1 et seq., Ala.Code 1975, governing eminent-domain actions in general govern actions brought by private parties to condemn a right-of-way easement pursuant to § 18-3-1 et seq., Ala. Code 1975. With respect to the issue raised by the parties in this case, § 18-1A-232, a part of the Eminent Domain Code, provides for an award in certain cases of "litigation expenses," which would include reasonable attorney, appraisal, and engineering fees necessary to participation in probate-court or circuit-court condemnation proceedings. See § 18-1A-3(12), Ala.Code 1975. Section 18-1A-232 provides:
"(a) The court shall award the defendant his litigation expenses, in addition to any other amounts authorized by law, if the action is wholly or partly dismissed for any reason.
"(b) If the scope of the property to be taken is reduced as the result of (1) a partial dismissal, (2) a dismissal of one or more plaintiffs, or (3) a final judgment determining that the plaintiff cannot take part of the property originally sought to be taken, the court shall award the defendant the portion of his litigation expenses attributable to the property within the scope of the reduction.
"(c) Costs and litigation expenses authorized by this section may be claimed, taxed, and awarded under the same procedures that apply to costs in other civil actions."
The Commentary to § 18-1A-232 notes that "[t]his section requires the plaintiff to pay defendant's litigation expenses in the event of a dismissal of the action, in whole or in part, or a judgment that it [, i.e., the plaintiff did not have the right to take all or part of the subject property." (Emphasis added).
In Carroll v. Ward, 814 So.2d 287 (Ala. Civ.App.2001), this court concluded that the phrase "shall award" in § 18-1A-232 was unambiguous and that a litigation-expense award was mandatory when a condemnation action brought pursuant to § 18-3-1 et seq., Ala.Code 1975, had been terminated by the entry of a judgment by a circuit court dismissing a de novo appeal from a probate-court condemnation judgment. Here, the circuit court's January 2001 order, although identified as a reversal of the probate court's judgment, remanded the case to the probate court for further proceedings, "requir[ing] the [condemnor] *1127 to return to the Probate Court" in order to make any desired amendments to the condemnation complaint. Only in June 2002, after the condemnor had elected not to pursue the matter further in the probate court and sought a return of moneys paid into court to satisfy the probate court's condemnation judgment, did the circuit court fully dispose of the case by entering a final judgment declaring that the condemnor was not entitled to the right of way sought in the original and amended complaints. Thus, the condemnor correctly argues that the judgment under review here differs from that in Carroll in that the circuit court in this case did not dismiss the condemnation action.
However, while the circuit court's judgment does not amount to a dismissal under § 18-1A-232(a), that judgment clearly did reduce "the scope of the property to be taken" from that sought in the original complaint and authorized by the probate court so as to implicate § 18-1A-232(b). Indeed, by its terms, the circuit court's final judgment "constitutes a determination... that the [condemnor] is not entitled to the right of way sought" in either the original or the amended complaints. Stated another way, in the words of the Commentary to § 18-1A-232, the circuit court in this case has entered a judgment that the condemnor "did not have the right to take all ... of the subject property." Thus, in this case, § 18-1A-232(b) mandates an award to the Malishes and Paulk of "the portion of [their] litigation expenses attributable to the property within the scope of the reduction," which would necessarily include all of their "litigation expenses"[1] because the circuit court reduced the property to be condemned to nothing.
Based upon the foregoing facts and authorities, we conclude that the circuit court erred in denying the motions filed by the Malishes and by Paulk seeking an award of litigation expenses. The circuit court's order denying those motions is reversed. The cause is remanded for the circuit court for further proceedings, to include the entry of an order awarding litigation expenses to the Malishes and to Paulk in compliance with § 18-1A-3(12) and § 18-1A-232. The appellants' request for an award of attorney fees on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs specially.
MURDOCK, Judge, concurring specially.
In concurring in the majority opinion, I note that I do not read that opinion as commenting upon (a) whether the circuit court's conclusion that it could not entertain an amendment to the condemnor's complaint was correct or (b) whether the circuit court had the authority, as purportedly exercised in its January 2001 interlocutory order, to remand this cause to the probate court.
NOTES
[1] We note that the definition of "litigation expenses" contained in the Eminent Domain Code contains the qualifiers "reasonable" and "necessary" in identifying attorney, appraisal, and engineering fees as within its scope. See § 18-1A-3(12), Ala.Code 1975. In concluding that § 18-1A-232(b) mandates an award of litigation expenses in this case, we express no opinion at this time regarding what fees may or may not be "reasonable" and "necessary." That is a matter for the circuit court, on remand, to decide in the first instance.