MOORE, Judge.
 

 On October 15, 2007, after a convoluted procedural history, the Baldwin Probate Court (“the probate court”) awarded Eli
 
 *990
 
 nor Glynn LaConsay
 
 [1]
 
 and Joseph Wetzel litigation expenses, including attorney fees, pursuant to § 18-lA-232(a), Ala.Code 1975,
 
 [2]
 
 against Michael Langley. Langley appealed that award to the Baldwin Circuit Court (“the circuit court”). On June 18, 2008, the circuit court entered a summary judgment in favor of Langley, concluding that the litigation expenses had been improperly awarded by the probate court. LaConsay and Wetzel appealed. We reverse and remand.
 

 Background
 

 In early 2006, Langley filed a complaint in the probate court against LaConsay and Wetzel, seeking an easement by necessity or a private right-of-way across real property belonging to LaConsay and Wetzel or an easement by implication across their property. Langley also alleged trespass to his property, and he sought a preliminary and a permanent injunction. In support of his complaint, Langley attached various exhibits. Both LaConsay and Wetzel filed motions to dismiss, asserting that the property at issue was not properly the subject of a condemnation action and that the probate court lacked jurisdiction to address any of the other causes of action asserted in Langley’s complaint. LaCon-say submitted additional exhibits in support of her motion to dismiss, but Wetzel relied solely on the exhibits submitted in support of Langley’s complaint. Additionally, certain discovery was conducted and the probate court ordered that Langley be allowed to inspect the property belonging to LaConsay and Wetzel. LaConsay also filed a “Motion to Assess Attorneys Fees and Court Costs,” pursuant to § 18-1A-232, Ala.Code 1975. The probate court granted LaConsay’s and Wetzel’s motions to dismiss without prejudice on August 16, 2006. In its dismissal order, the probate court did not address LaConsay’s pending motion to assess fees and costs.
 

 On September 14, 2006, LaConsay filed with the probate court an “Amended Motion to Assess Fees and Costs” against Langley. On September 20, 2006, Wetzel filed in the probate court a motion to assess litigation expenses against Langley. Both motions were filed pursuant to § 18-1A-232. On October 17, 2006, the probate court entered an order concluding that the postjudgment motions filed by LaConsay and Wetzel seeking litigation expenses pertaining to the dismissed action were “moot.”
 

 On October 25, 2006, LaConsay appealed the probate court’s October 17, 2006, order to the circuit court; Wetzel appealed on October 26, 2006.
 
 [3]
 
 (Those appeals are hereinafter sometimes referred to as either the “October 2006 appeals” or “the first appeals.”) Langley subsequently moved to dismiss the October 2006 appeals. On November 6, 2006, the circuit court entered an order denying LaCon-
 
 *991
 
 say’s and Wetzel’s motions for litigation expenses. In its order, the circuit court stated that “the motion to assess fees and court cost[s] is denied as it is a probate court matter.” On February 13, 2007, the circuit court entered another order dismissing LaConsay’s and Wetzel’s October 2006 appeals.
 

 On May 4, 2007, LaConsay and Wetzel filed in the probate court a joint “Renewed Motion to Assess Attorney Fees and Court Costs” against Langley. In that motion, LaConsay and Wetzel asserted that they had appealed to the circuit court the probate court’s October 17, 2006, order denying their motions as moot but that, on February 13, 2007, the circuit court had dismissed their appeals for lack of jurisdiction. LaConsay and Wetzel again asserted that they were entitled to recover litigation expenses and that an award of such expenses was mandatory pursuant to § 18-1A-232. On May 7, 2007, Langley objected to the renewed motion.
 

 On May 31, 2007, the probate court entered an order declaring that LaConsay and Wetzel were entitled to recover their litigation expenses. After a hearing on the issue of the amount of fees and costs to be awarded, the probate court, on October 15, 2007, entered a judgment awarding La-Consay $2,283.75 and Wetzel $3,209.20. On October 25, 2007, Langley appealed to the circuit court; on November 13, 2007, LaConsay and Wetzel cross-appealed. (Those appeals are hereinafter referred to as either the “October 2007 appeals” or “the second appeals.”)
 

 All parties filed motions for a summary judgment in the circuit court. On June 18, 2008, the circuit court entered an order granting Langley’s summary-judgment motion.
 
 [4]
 
 In its order, the circuit court stated:
 

 “[Langley’s] Motion for Summary Judgment is granted because at the time of the original dismissal of the condemnation proceedings in probate court [La-Consay and Wetzel] did not appeal within the time allowed by law from the probate court’s denial of award of attorneys’ fees nor did [LaConsay and Wet-zel] institute any mandamus proceeding in the Circuit Court of Baldwin County to enforce their rights with respect to attorneys’ fees and expenses. [LaCon-say and Wetzel’s] Motion for Summary Judgment is denied.”
 

 On July 28, 2008, LaConsay and Wetzel appealed to the Alabama Supreme Court from the summary judgment entered in favor of Langley in the second appeals; that court transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
 

 Analysis
 

 In this appeal, we must determine whether the circuit court erred in entering the summary judgment for Langley in the second appeals; more specifically, we must determine whether LaConsay and Wetzel failed to timely appeal or seek mandamus relief from the probate court’s October 17, 2006, order dismissing their motions for litigation expenses as “moot.”
 

 Whether LaConsay’s and Wetzel’s First Appeals Were Untimely
 

 As a result of its conclusion that LaConsay’s and Wetzel’s motions for litigation expenses were “moot,” the probate court initially failed to address those motions. A ruling that an issue is moot is not an adjudication on the merits and is not a final judgment on the pending issue.
 
 See
 
 
 *992
 

 Ferguson v. Commercial Bank,
 
 578 So.2d 1234, 1236-37 (Ala.1991) (“A dismissal based on mootness is not an adjudication on the merits. See 18 C. Wright, A. Miller,
 
 &
 
 E. Cooper,
 
 Federal Practice and Procedure
 
 § 4436, at 344 (1981). ‘[T]he holding of mootness is not a judgment on the merits and, as a nonmerits judgment, it does not bar further action on any matters not actually adjudged. Moore’s Federal Practice Para. 0.405[5].’
 
 De Volld v. Bailar,
 
 568 F.2d 1162, 1166 (5th Cir. 1978).”). Additionally, although LaConsay and Wetzel sought review of the probate court’s October 17, 2006, order by timely filing an “appeal,” a trial court’s finding of mootness as to a pending issue will not support an appeal as to that issue.
 
 See Thompson v. Halliwell,
 
 668 So.2d 43, 45 (Ala.Civ.App.1995) (“ ‘Unless otherwise specified by law, a proper appeal will lie only from a final order or judgment,’ ” that is, “ ‘one in which there has been a complete adjudication of all matters in controversy between the parties.’ ”).
 

 Thus, LaConsay and Wetzel were not entitled to appeal the probate court’s October 17, 2006, order because that order was not a final adjudication as to the issue of litigation expenses. Once the circuit court, in the October 2006 appeals, determined that the issue of litigation expenses had not been adjudicated and that the issue remained pending in the probate court, the circuit court properly dismissed the October 2006 appeals.
 

 Whether LaConsay’s and Wetzel’s Second Appeals Were Barred by Their Failure to Petition for a Writ of Mandamus
 

 In addition to concluding that LaConsay and Wetzel had failed to timely appeal from the probate court’s October 17, 2006, order dismissing their motions for litigation expenses as moot, the circuit court alternatively concluded that LaCon-say and Wetzel had failed to pursue mandamus relief from that order. Because LaConsay and Wetzel had not sought mandamus relief from the probate court’s October 17, 2006, order, the circuit court apparently concluded that LaConsay and Wetzel were barred from returning to the probate court to continue seeking recovery of those litigation expenses. We disagree.
 

 “Mandamus is an extraordinary remedy. One petitioning for the writ of mandamus must show ‘(1) a clear legal right ... to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
 

 Ex parte City of Irondale,
 
 686 So.2d 1127, 1128 (Ala.1996) (quoting
 
 Ex parte Johnson,
 
 638 So.2d 772, 773 (Ala.1994)).
 
 See also Ex parte Alfab, Inc.,
 
 586 So.2d 889, 891 (Ala.1991); and
 
 Ex parte Edgar,
 
 543 So.2d 682, 684 (Ala.1989).
 

 As discussed above, LaConsay and Wet-zel did attempt to appeal from the probate court’s October 17, 2006, order, but the circuit court dismissed those appeals because the probate court had not resolved, on the merits, whether LaConsay and Wetzel were entitled to recover litigation expenses in the condemnation action.
 

 Upon dismissal of their October 2006 appeals, LaConsay and Wetzel properly returned to the probate court for a ruling on their still pending motions for litigation expenses. The probate court subsequently ruled upon those pending motions, awarding litigation expenses to LaConsay and Wetzel. Langley appealed that award to the circuit court, and LaConsay and Wet-zel cross-appealed; those second appeals were timely and properly filed.
 
 See
 
 § 18-1A-283, AIa.Code 1975 (allowing parties to a condemnation action in the probate court 30 days in which to appeal to the circuit
 
 *993
 
 court for a de novo trial).
 
 See also Holman v. Bane,
 
 698 So.2d 117, 120 (Ala.1997) (recognizing that an appeal filed within 30 days of the entry of an order awarding attorney fees was timely filed as to the issue of attorney fees); and
 
 Paulk v. McCarty,
 
 855 So.2d 1123 (Ala.Civ.App. 2003) (recognizing a defendant’s right to appeal when a court fails to award litigation expenses in a condemnation action). In the second appeals, the circuit court erroneously concluded that the award of litigation expenses was improper because LaConsay and Wetzel had failed to timely appeal from the probate court’s October 17, 2006, order or, alternatively, because LaConsay and Wetzel had failed to seek mandamus relief from the probate court’s October 17, 2006, order.
 

 We have already concluded that the first appeals were not untimely filed. Additionally, the probate court continued to have jurisdiction over the issue whether litigation expenses should be awarded. As a result of the probate court’s continuing jurisdiction over the issue, LaConsay and Wetzel continued to have an adequate remedy in the probate court. Thus, the filing of a petition for a writ of mandamus was unnecessary and, in fact, unwarranted.
 

 Conclusion
 

 LaConsay’s and Wetzel’s October 2006 appeals were not untimely filed, as the circuit court erroneously concluded in its June 2008 judgment. As recognized above, those first appeals were improper only because they were taken from a nonfi-nal judgment. Additionally, LaConsay and Wetzel had an adequate remedy available to them in the probate court because that court had continuing jurisdiction over the issue whether to award litigation expenses; therefore, LaConsay and Wetzel had no need to seek mandamus relief, and the second appeals were not barred as a result of LaConsay’s and Wetzel’s failure to file a petition for a writ of mandamus. Because the record reveals no other basis for affirming the summary judgment entered in favor of Langley, we reverse the circuit court’s summary judgment entered in favor of Langley and remand this cause to the circuit court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 THOMPSON, P.J., concurs in the result, without writing.
 

 [1]
 

 . LaConsay’s name is shown in the record both as "Laconsay” and as "LaConsay.” We adopt the spelling used in her appellant's brief.
 

 [2]
 

 . Section 18-1A-232, Ala.Code 1975, provides, in pertinent part:
 

 "(a) The court shall award the defendant his litigation expenses, in addition to any other amounts authorized by law, if the action is wholly or partly dismissed for any reason.
 

 "(c) Costs and litigation expenses authorized by this section may be claimed, taxed, and awarded under the same procedures that apply to costs in other civil actions.”
 

 [3]
 

 .Although the parties refer to inconsistent dates as to when LaConsay and Wetzel appealed the probate court’s order and although the record itself contains some discrepancy as to the correct dates, LaConsay's and Wetzel's notices of appeal to the circuit court were stamped with the dates indicated above.
 

 [4]
 

 . The second appeals to the circuit court were assigned to a different circuit court judge than the judge who had presided over the first appeals.