THOMPSON, Presiding Judge.
 

 Ronnie Joe Weeks and Sally Patterson appeal from the judgment of the Baldwin Circuit Court entered in favor of Warren C. Herlong following a bench trial. For the reasons stated herein, we affirm.
 

 This appeal concerns an attempt by Weeks and Patterson to obtain litigation expenses pursuant to § 18-1A-232, Ala. Code 1975, based on the outcome of a prior action (“the condemnation action”) in which Herlong sought to condemn a right-of-way across their property pursuant to the Alabama Eminent Domain Code, § 18-1A-1 et seq., Ala.Code 1975. The judgment in the condemnation action was appealed to our supreme court; the opinion in that appeal,
 
 Weeks v. Herlong,
 
 951 So.2d 670 (Ala.2006), contains a detailed factual history of the dispute between the parties. We set forth below the relevant aspects of the factual and procedural history necessary for the resolution of this appeal.
 

 Weeks and Patterson are siblings. They owned a parcel of land that was adjacent to a parcel of land owned by Herlong. Herlong owned two easements that led to his property; however, a small gap between the two easements, which was located on Weeks and Patterson’s property and which has been referred to as “the gap property” throughout the course of the parties’ litigation, prevented those easements from connecting to one another. Thus, because of the gap property, Her-long was unable to use those easements to access his property without trespassing on Weeks and Patterson’s property.
 

 In 2003, Herlong filed a petition in the Baldwin Probate Court to condemn a private right-of-way easement across the gap property in order to join the two easements. The probate court entered a judgment condemning the gap property and requiring Herlong to pay Weeks and Patterson $2,000 as compensation for the taking. Weeks and Patterson appealed the judgment to the Baldwin Circuit Court for a trial de novo. In the original complaint that he filed in the circuit court, Herlong sought condemnation of a right-of-way over the gap property. During the course of the litigation in the circuit court, Her-long amended his complaint to add a count alleging that he had an easement by prescription over the gap property. After a hearing, the circuit court entered a judgment in which it found that Herlong had established a prescriptive easement over the gap property. It further found that Herlong was not entitled to relief under the aspect of his complaint seeking condemnation of the gap property for purposes of a right-of-way.
 

 Weeks and Patterson appealed the circuit court’s judgment to our supreme court, which affirmed that judgment. Particularly pertinent to the present appeal, our supreme court quoted a portion of the proceedings in the circuit court relative to the basis of the circuit court’s decision not to grant relief to Herlong on the count of his complaint seeking condemnation of the gap property:
 

 “‘[Trial judge:] Well, I’ll tell y’all, I don’t know anything about private condemnations. So, I mean, I’ve never handled one of those. I’ve handled easements before. I’ve dealt with that but I don’t know how to handle a private condemnation.
 
 I would assume that if an easement is established, then there’s no need for a private condemnation so based on my ruling that the prescriptive easement did exist, I’m gonna deny the claim for this private condemnation.’ ”
 

 Weeks,
 
 951 So.2d at 677 (emphasis added).
 

 Following the supreme court’s affir-mance, Weeks and Patterson instituted the
 
 *124
 
 present action against Herlong. They sought an award of litigation expenses pursuant to § 18-1A-232, Ala.Code 1975, which provides:
 

 “(a) The court shall award the defendant his litigation expenses,[
 
 1
 
 ] in addition to any other amounts authorized by law, if the action is wholly or partly dismissed for any reason.
 

 “(b) If the scope of the property to be taken is reduced as the result of (1) a partial dismissal, (2) a dismissal of one or more plaintiffs, or (3) a final judgment determining that the plaintiff cannot take part of the property originally sought to be taken, the court shall award the defendant the portion of his litigation expenses attributable to the property within the scope of the reduction.
 

 “(c) Costs and litigation expenses authorized by this section may be claimed, taxed, and awarded under the same procedures that apply to costs in other civil actions.”
 

 Weeks and Patterson argued that an award of litigation expenses to them was justified because the circuit court in the condemnation action did not provide for the statutory condemnation of a right-of-way easement over the gap property as Herlong had received in the probate court and as he had sought in his circuit court complaint.
 

 After an ore tenus hearing, the trial court entered a judgment denying Weeks and Patterson’s request for litigation expenses. In its judgment, the trial court wrote, in pertinent part:
 

 “1. Judgment is hereby entered in favor of the Defendant, Warren Her-long, on [Weeks and Patterson’s] claim for attorney’s fees and litigation expenses incurred in the previous lawsuit. The Court finds that Warren Herlong prevailed in the previous lawsuit at the Probate, Circuit and Supreme Court levels, and therefore an award of litigation expenses and attorney’s fees to [Weeks and Patterson], who were not the prevailing parties, would be inappropriate and unjustified.”
 
 [2]
 

 Weeks and Patterson appealed to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
 

 On appeal, Weeks and Patterson contend that, because the circuit court in the condemnation action denied relief to Her-long on the count of his complaint seeking condemnation of the gap property, they were entitled, by the terms of § 18-1A-232, Ala.Code 1975, to an award of their litigation expenses. Citing
 
 Carroll v. Ward,
 
 814 So.2d 287, 290 (Ala.Civ.App.2001), they point out that the use of the word “shall” in the statute indicates that the award of such expenses is mandatory, not discretionary, and that, in failing to award litigation expenses, the trial court failed to follow the plain language of the statute. We disagree.
 

 In
 
 Paulk v. McCarty,
 
 855 So.2d 1123 (Ala.Civ.App.2003), this court wrote:
 

 “As we noted in
 
 Williams v. Deerman,
 
 724 So.2d 18, 20 (Ala.Civ.App.1998), the same principles and procedures set forth in the Alabama Eminent
 
 *125
 
 Domain Code, § 18-1A-1 et seq., Ala. Code 1975, governing eminent-domain actions in general govern actions brought by private parties to condemn a right-of-way easement pursuant to § 18-3-1 et seq., Ala.Code 1975. With respect to the issue raised by the parties in this case, § 18-1A-232, a part of the Eminent Domain Code, provides for an award in certain cases of ‘litigation expenses,’ which would include reasonable attorney, appraisal, and engineering fees necessary to participation in probate-court or circuit-court condemnation proceedings.
 
 See
 
 § 18 — 1A.—3(12), Ala.Code 1975.”
 

 Paulk, 855
 
 So.2d at 1126. The effect of the circuit court’s judgment in the condemnation action was to award Herlong, by virtue of common law, an easement for ingress and egress over the gap property that, for all intents and purposes, was identical in scope to both the statutory condemnation ordered by the probate court and the statutory condemnation Her-long sought in the circuit court. Moreover, far from constituting a victory for Weeks and Patterson, the circuit court’s judgment actually precluded them from being compensated for the taking of an easement over the gap property as had been ordered by the probate court.
 

 Because the circuit court in the condemnation action did not dismiss the condemnation count, § 18-lA-232(a) is not applicable; thus, the basis for an award of litigation expenses in this case arises, if at all, through the treatment by § 18-1A-232(b) of a judgment that reduces the “scope of the property to be taken.”
 
 See Paulk,
 
 855 So.2d at 1126-27 (holding that when a circuit court’s judgment results in the reduction of the scope of the right-of-way sought in a statutory condemnation proceeding to nothing, § 18-lA-232(b), rather than § 18-lA-232(a), is applicable with regard to an award of litigation expenses). The statute, by its terms, does not address a situation like the present one, where a party obtains the same right-of-way by prescription that, in the same action, he or she sought through statutory condemnation. Caselaw applying § 18-1A-232 also fails to shed light on the application of that statute in the context presented by this case.
 

 Our primary focus when construing and applying a statute is to effectuate the intent of the legislature.
 
 See City of Bessemer v. McClain,
 
 957 So.2d 1061, 1074-75 (Ala.2006). In so doing, we will “ ‘read the concept of reasonableness into the provisions of the statute ....’”
 
 Smith v. Smith,
 
 964 So.2d 663, 670-71 (Ala.Civ.App.2005) (quoting
 
 Ex parte Berryhill,
 
 801 So.2d 7, 10 (Ala.2001)). We also note that “[i]f a literal construction [of a statute] would produce an absurd and unjust result that is clearly inconsistent with the purpose and policy of the statute, such a construction is to be avoided.”
 
 City of Bessemer,
 
 957 So.2d at 1075.
 

 As it pertains to the present case, § 18-lA-232(b) provides that litigation expenses are recoverable by the person whose property is sought to be taken for the creation of a right-of-way easement “if the scope of the property to be taken is reduced” by a final judgment. Although the statute does not define the phrase “scope of the property to be taken is reduced,” we construe that phrase to mean that the result of the judgment must, at the very least, reduce the size of the right-of-way easement sought and result in the owner of the property keeping more of his or her property free from the right-of-way easement than what was proposed to have been taken through the action.
 

 Applying our interpretation of § 18-1A-232(b) to the present case, we conclude that, even though the circuit court in the
 
 *126
 
 condemnation action awarded an easement to Herlong based on common-law prescription rather than on statutory condemnation, the circuit court’s judgment did not reduce or in any other way alter the size and scope of the right-of-way easement sought by Herlong. As a result, the trial court in the present action correctly determined that Weeks and Patterson were not entitled to the litigation expenses they had incurred in the condemnation action, and its judgment is affirmed.
 

 AFFIRMED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . For purposes of § 18-1A-232, litigation expenses are defined as 'Tt]he sum of the costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, necessary to prepare for anticipated or participation in actual probate or circuit court proceedings.” § 18 — 1 A — 3(12).
 

 [2]
 

 . Herlong filed a counterclaim on which the trial court granted relief in his favor in its final judgment. Because Weeks and Patterson do not appeal from that aspect of the final judgment, we pretermit discussion of that matter.