This is an appeal from the trial court's denial of attorney fees in a private-condemnation case.
On April 5, 1994, Rodney L. Ward and Walden M. Buttram petitioned the Etowah County Probate Court for an order establishing a right-of-way across lands owned by T.D. Carroll and Sandy Carroll. The probate court entered an order of condemnation and appointed three commissioners to determine the amount of compensation due to the Carrolls. The commissioners determined that the Carrolls should be awarded $10,000 if the proposed right-of-way *Page 288 
was condemned. However, the commissioners suggested an alternative right-of-way and determined that if Ward and Buttram were allowed to use the alternative right-of-way, then the Carrolls should be compensated by an award of $900. On October 28, 1996, the probate court entered a final order of condemnation permitting a right-of-way by the alternative route and awarding the Carrolls $900 in compensation. On November 26, 1996, the Carrolls appealed to the Etowah County Circuit Court for a trial de novo.
Both Ward and Buttram are attorneys practicing in Etowah County. Therefore, on April 14, 1997, all the judges of the Etowah Circuit Court recused themselves. A special judge was appointed on May 2, 1997.
On November 14, 1997, the court ordered that Ward and Buttram amend their complaint because, the court stated, the description of the property and right-of-way was insufficient. On April 16, 1998, the court dismissed their complaint for failure to comply with the order of November 14, 1997. On May 20, 1998, Ward and Buttram moved to set aside the order of dismissal and, on that same date, they amended their complaint. On June 18, 1998, the court reinstated the case.
On March 25, 1999, Ward and Buttram filed a second amendment to their complaint, adding several new defendants and seeking a right-of-way across the defendants' land. On December 6, 1999, the trial court dismissed the case a second time, because Ward and Buttram had taken no action in the case since amending their complaint a second time. On January 7, 2000, they moved to set aside the second dismissal and to again reinstate the case.
On May 2, 2000, the trial court entered the following order:
 "The Court is somewhat at a loss as to what to do in this case. After more than one dismissal for want of prosecution [April 16, 1998; December 6, 1999], the parties state they want to now proceed. However, the Court is of the opinion that this case must, for the reasons below stated, be re-filed in or remanded to the Probate Court of Etowah County.
 "The original Petition filed in the Probate Court of said county in this case was vague at best. The property sought to be made subject to the private condemnation was not [described] with any specificity whatsoever. How the Probate Court determined value is a complete mystery.
 "Complicating this case is the fact that after the Probate Court's condemnation order was appealed to this Court, the parties `changed' the property sought to be judicially conveyed. In fact, no meaningful survey was ever placed before the Court and, it appears, none was had until the Court sua sponte required the same.
 "This Court can take one of [several] approaches. 1.) The Court can simply ignore the problem, which is no solution whatsoever as it proceeds on blind faith that at some point in time this case will be `triable.' 2.) The Court can remand this case to the Probate Court for that Court to establish a proper record, which is not an option as the facts have changed to the point that the `record below' is beyond correction. 3.) The Court can proceed to clean up this mess; however, that raises two concerns, to wit: A.) That has already attempted to be accomplished with little or no cooperation from counsel. B.) To allow this case to proceed `anew' [which the altered property description essentially is] would cause a condemnation, both de facto and de jure, to originally be commenced in Circuit Court, which jurisdiction *Page 289 
 this Court lacks. 4.) The Court can enforce its last dismissal in order to force the parties to clean up this mess properly and to enforce the Court's power to issue reasonable directives that it can expect to be followed.
 "This Court deems the latter option to be the most reasonable. This case is DISMISSED WITHOUT PREJUDICE. The parties may choose to negotiate a private sale or recommence a proper condemnation in the Probate Court. In the event the parties wish to negotiate or mediate a settlement, this Court, on timely request, will stay this Order for a reasonable period of time. This Order will not be vacated otherwise."
On June 1, 2000, the Carrolls filed a motion for litigation expenses, pursuant to § 18-1A-232, Ala. Code 1975. On August 22, 2000, the trial court entered the following order:
 "While the law appears to be clear as to the fixing and awarding of litigation costs in a case where a condemnation is dismissed in whole or in part, such cannot be inflexibly applied to the facts of this case.
 "This case was fatally flawed from the time it was decided in the Etowah County Probate Court. All parties are to some degree responsible.
 "Further, this case was dismissed without prejudice for the purpose of refiling in the Probate Court, which has been done.
"The Motion to Award Litigation Expenses is Denied."
The Carrolls appeal from the order denying them an award of litigation expenses.
The same principles set forth in the Eminent Domain Code governing actions brought by the state to condemn land in general will govern actions brought by a private party to condemn a right-of-way. § 18-3-3, Ala. Code 1975; Williams v. Deerman, 724 So.2d 18 (Ala.Civ.App. 1998);Brothers v. Holloway, 692 So.2d 845 (Ala.Civ.App. 1997).
Article 13 of the Eminent Domain Code addresses involuntary and voluntary dismissals of eminent domain proceedings. § 18-1A-230 and -231. Section 18-1A-230 provides:
 "On motion of the defendant, the court shall dismiss the action in whole or in part, as justice requires, if:
 "(1) Upon sustaining a preliminary objection to the plaintiff's complaint, the court determines that a dismissal is required;
 "(2) The plaintiff has unjustifiably failed to exercise reasonable diligence in prosecuting the action;
 "(3) The plaintiff has failed to pay the full amount required by the judgment within the time allowed."
Article 13 allows an award of attorney fees in an eminent domain proceeding, as set out in § 18-1A-232:
 "(a) The court shall award the defendant his litigation expenses, in addition to any other amounts authorized by law, if the action is wholly or partly dismissed for any reason.
 "(b) If the scope of the property to be taken is reduced as the result of (1) a partial dismissal, (2) a dismissal of one or more plaintiffs, or (3) a final judgment determining that the plaintiff cannot take part of the property originally sought to be taken, the court shall award the defendant the portion of his litigation expenses attributable to the property within the scope of the reduction.
 "(c) Costs and litigation expenses authorized by this section may be claimed, *Page 290 
 taxed, and awarded under the same procedures that apply to costs in other civil actions."
Section 18-1A-3(12) defines "litigation expenses" as "[t]he sum of the costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, necessary to prepare for anticipated or participation in actual probate or circuit court proceedings."
 "`The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.'"
Swift v. Gregory, 786 So.2d 1097, (Ala. 2000), quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992).
In its May 2, 2000 order, the trial court made it clear that the dismissal was without prejudice, so that Ward and Buttram could refile their action. The trial court also recognized that "the law appears to be clear as to the fixing and awarding of litigation costs in a case where a condemnation is dismissed in whole or in part." Although the trial court indicated that a strict application of § 18-1A-232 would not be appropriate under the facts of this case, the law is unambiguous. A defendant in a condemnation proceeding is entitled to an award of an attorney fee if the proceeding is dismissed "for any reason." The fact that the case was dismissed without prejudice and has been refiled does not mean that the Carrolls did not incur litigation expenses in defending the original lawsuit filed in 1994.
We reverse the judgment and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Crawley, Thompson, Pittman, and Murdock, JJ., concur.