Tom Ford, Michele Wells, and Cynthia Bunton-Welch ("the officers") appeal the trial court's award of costs and attorney fees to Jefferson County and Jefferson County Juvenile Services ("JCJS"). We affirm.
This is the third time these parties have been before this court. See Ford v. Jefferson County, 774 So.2d 600
(Ala.Civ.App. 2000) ("Ford I"), and Ford v.Jefferson County, 904 So.2d 300 (Ala.Civ.App. 2004) ("Ford II"). In Ford I, this court set forth the initial stages of the procedural history of this case:
 "On August 18, 1999, three Jefferson County probation officers, Tom Ford, Michele Wells, and Cynthia Bunton-Welch (`the officers'), filed a civil action in the Jefferson County Circuit Court against Jefferson County and `Jefferson County Juvenile Services.' In their complaint, the officers alleged that they had been told on July 31, 1998, that they had to participate in the `Operations Nighttime Crime Eradicators' program (`the ONCE program'). According to their complaint, the officers signed a memorandum on August 7, 1998, directed to John Duke, Director of Juvenile Services, that `addressed matters of policy and of public concern' about the ONCE program. The officers' complaint alleged that after signing the memorandum they were subjected to `retaliatory treatment, including retaliatory transfers from Bessemer to Birmingham, retaliatory job assignments, denial of opportunities for advancement or promotion, singling individuals out, ostracism, and harassment, which has resulted in a hostile work environment.' The officers alleged that the defendants' conduct violated their rights of free speech, as guaranteed by § 4, Alabama Constitution of 1901; that the defendants' conduct was a deprivation of their First Amendment rights actionable under 42 U.S.C. § 1983; that the defendants had `negligently caused [them] to be subjected to harassment and a hostile and abusive work environment'; and that the defendants had `negligently supervised and/or trained employees which caused [the officers] to be subjected to retaliation and harassment.' In addition to seeking damages, the officers' complaint sought injunctive and declaratory relief, as well as an award of attorney fees, costs, and expenses.
 "The defendants filed a motion to dismiss the officers' action. The motion to dismiss averred (1) that the complaint *Page 544 
failed to state a claim upon which relief could be granted, and (2) that the officers had failed to file a claim against the Jefferson County Commission in accordance with § 6-5-20 and § 11-12-1 et seq., Ala. Code 1975. Attached to the motion was an affidavit of the Jefferson County minute clerk indicating that she had searched the minutes of the Jefferson County Commission and had found that no claim had been filed by the officers. The officers filed a response in opposition to the defendants' motion, contending (1) that no notice of claim was required with respect to their federal claim; (2) that a grievance notice filed with the Jefferson County Personnel Board satisfied the requirements of § 6-5-20 and § 11-12-1 et seq.; (3) that their complaint constituted sufficient compliance with § 6-5-20; and (4) that they should be allowed to amend the complaint to state that they had submitted a detailed notice of claim to the Jefferson County Commission and the county's attorney. The trial court entered a judgment for the defendants on the authority of § 11-12-1 et seq. and § 6-5-20, Ala. Code 1975, based upon `the failure of the [officers] to file a claim against the County Commission.' The officers appealed to the Alabama Supreme Court, which transferred the appeal to this court."
Ford I, 774 So.2d at 602-03 (footnote omitted). On appeal, this court reversed the judgment in favor of Jefferson County and JCJS as to the federal claim and as to the injunctive-relief demand of the state-law free-speech-deprivation claim. Ford I,774 So.2d at 606. The judgment was affirmed in all other respects.
On October 12, 2002, Jefferson County and JCJS filed a second motion for a summary judgment. The trial court granted that motion, and the officers appealed, "arguing that the trial court erred in entering a judgment against them on their First Amendment claims." Ford II, 904 So.2d at 304. On February 20, 2004, this court reversed the trial court's judgment and remanded the case for further proceedings.Ford II, 904 So.2d at 314.
Upon remand, a trial was conducted over a period of several days. At the close of the officers' case-in-chief and again at the close of all the evidence, Jefferson County and JCJS moved for a judgment as a matter of law. The trial court denied both motions, and the case was submitted to the jury. On April 4, 2006, the jury returned a verdict in favor of Jefferson County and JCJS. The trial court entered a judgment on the jury's verdict and taxed costs to the officers. On May 5, 2006, Jefferson County and JCJS filed a petition for the award of attorney fees, costs, and expenses. On June 2, 2006, the officers filed a motion to strike the petition, and on June 16, 2006, Jefferson County and JCJS filed a response to the motion to strike.[1] On September 22, 2006, the trial court held a hearing to determine whether to award attorney fees.[2] That same day the court entered an order stating:
 "The court finds the claims raised by the [officers] in their complaints were frivolous, unreasonable and without foundation based on the totality of the procedural history. The court further assesses the costs of this case in the amount of $3,084.45 as expenses against each [officer] equally or $1,028.15 each. The court further finds that each [officer] does bear the burden of some attorney *Page 545 
fees in this case and as such set the attorney fees at [$]3,000 . . . or [$]1,000 . . . per [officer]. The court further taxes any remaining costs against the [officers]."
On November 3, 2006, the officers filed their notice of appeal to the Alabama Supreme Court; that court transferred the appeal to this court based on appellate jurisdiction.
On appeal the officers argue that the trial court erred in awarding attorney fees, costs, and expenses because, they say, (1) the case was not frivolous, unreasonable, or without foundation and (2) the petition for the award of attorney fees, costs, and expenses was not timely, was not in proper form, and was not served on the officers. Specifically, with regard to the timeliness of the petition, the officers argue that, pursuant to Rule 54, Fed.R.Civ.P., the fee request was required to have been filed within 14 days of the entry of the judgment. They alternatively argue that the petition for attorney fees should have been treated as a postjudgment motion that, pursuant to Rule 59, Ala. R. Civ. P., was required to have been filed within 30 days of the date of the judgment.
Because there is nothing in the record to suggest that the foregoing issues were argued before the trial court, we can only address those issues that we determine to be jurisdictional. J.E.J., v. W.I., 851 So.2d 76, 81
(Ala.Civ.App. 2002) ("It is the appellant's responsibility to ensure that the record on appeal contains sufficient evidence to justify a reversal."); Gary v. Crouch,923 So.2d 1130, 1135-36 (Ala.Civ.App. 2005) (quoting Norman v.Bozeman, 605 So.2d 1210, 1214 (Ala. 1992)) ("This court is confined in its review to the arguments presented to the trial court: `[o]ur review is limited to the issues that were before the trial court — an issue raised on appeal must have first been presented to and ruled on by the trial court.'"); and Carter v. Hilliard, 838 So.2d 1062, 1063
(Ala.Civ.App. 2002) ("The lack of subject-matter jurisdiction cannot be waived. . . . It may be raised at any time."). The sole jurisdictional issue raised by the officers is their argument that the trial court lacked jurisdiction to consider the petition for an award of attorney fees and costs because it was untimely pursuant to Rule 59(e), Ala. R. Civ. P.[3] We therefore address the officers' argument on that issue.
"The assessment of costs is merely incidental to the judgment and may be done at any time prior to issuance of execution."Littleton v. Gold Kist, Inc., 480 So.2d 1236, 1238
(Ala.Civ.App. 1985); see also Hinson v. Holt,776 So.2d 804, 813 (Ala.Civ.App. 1998) ("[A] motion for costs pursuant to Rule 54(d), Ala. R. Civ. P., may properly be ruled upon by the trial court at any time before the issuance of execution."). Accordingly, we conclude that the petition, as it related to costs, was not subject to the 30-day time requirement set forth in Rule 59(e). With regard to the request for attorney fees, we note that the United States Supreme Court has held that a request for an award of attorney fees pursuant to42 U.S.C. § 1988 is not a "motion to alter or amend a judgment."White v. New Hampshire Dep't of Employment Sec, 455 U.S. 445, 452, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Accordingly, we conclude that the 30-day time limit set forth in Rule 59(e) is similarly inapplicable to the petition as it relates to attorney fees. *Page 546 
Based on the foregoing, we affirm the judgment of the trial court awarding attorney fees and costs to Jefferson County and JCJS.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
[1] Neither the motion to strike nor the response to the motion to strike appears in the record.
[2] There is no transcript of that hearing in the record.
[3] The failure to comply with the 14-day time limit set forth in Rule 54, Fed.R.Civ.P., is not a jurisdictional issue, and we express no opinion regarding the applicability of that rule to this case. See District of Columbia v.Jackson, 878 A.2d 489, 494 n. 6 (D.C. 2005).