[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2010
JOHN P. LEY
ACTING CLERK

_____

No. 09-12663
Non-Argument Calendar

_____

D. C. Docket No. 07-02346-CV-5-CLS

JARVIS M. ADAMS,
ROBERT A. ATALLO,
JANET F. ATALLO,
JAMES G. BARRER,
CAROLE R. BOOHER,
DR. PETER C. BOOHER,
ARCHIE L. BOOTH,
WILLIAM B. BOOTH,
FREDERICK W. CHIVERTON,
CHARLES E. COX, SR.,
JOANN DANIELS,
CYNTHIA DASHER,
THOMAS R. DASHER,
GARY K. GRACE,
GARLAND V. GRACE,
LUCY C. GRACE,
JOHN W. JOHNSON,
RANDY JONES,
NANCY JONES,
WILLIAM J. KAUFFMAN, JR.,
WALLACE E. KIRKPATRICK,
ROBERT O. LEWIS,
JOHN E. LEWIS,
STEPHEN G. MANN,
LARRY E. MARSHALL, JR.,
LISA N. MARSHALL,

CAROLYN MARTIN,
GEORGE MORGAN,
NORMA OBERLIES,
R. OWEN ROBERTS,
BARBARA A. SAUNDERS,
GEORGE E. SAUNDERS,
BETTY V. SNIDER,
ROGER STAFFORD,
DENNIS S. STAPP,
LARRY STEWART,
SUZANNE STIGLETS,
FRED P. TEDESCO,
UWB INVESTMENTS CO., LLC,
UWB VENTURES, LLC,
JACK WADDEY, JR.,
JAMES D. WATSON,

Plaintiffs-Appellants,

versus

STILES A. KELLETT, JR.,
SAMUEL B. KELLETT,
STILES A. KELLETT, III, Irrevocable Trust,
SAMUAL B. KELLETT, JR., Irrevocable Trust,
BARBARA KATHERINE KELLETT, Irrevocable Trust,
CHARLOTTE RICH KELLETT, Irrevocable Trust,

Defendants-Appellees,

WILLIAM R. BASSETT,

Defendant-Appellee.

2

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 7, 2010)

Before DUBINA, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Plaintiffs' complaint alleges that Defendant-Appellees violated the Alabama Securities Act by selling unregistered securities; that Defendant-Appellee Bassett violated the Act by selling securities while being an unregistered broker-dealer; and that Defendant-Appellees made material misrepresentations or omissions in the sale of securities. Defendants moved to dismiss Plaintiffs' complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the district court granted Defendants' motion on January 23, 2009. R. 66. On February 6, Plaintiffs filed a motion for reconsideration in which they requested that the district court allow them to amend their original complaint in order to add new claims. R. 67. The district court denied Plaintiffs' motion and request to amend. R. 70.

There are two issues on appeal: whether the district court erred in granting Defendant-Appellees' 12(b)(6) motion to dismiss, and whether the district court

3

erred in denying Plaintiffs' request to amend their complaint. We review de novo the grant of a motion to dismiss pursuant to Rule 12(b)(6). *Hooper v. Solvay Pharms., Inc.*, No. 08-15810, 2009 U.S. App. LEXIS 26381, at *9 (11th Cir. Dec. 4, 2009). We review the district court's denial of Plaintiffs' motion to amend only for abuse of discretion. *Mann v. Taser Int'l, Inc.*, No. 08-16951, 2009 U.S. App. LEXIS 26155, at *42 (11th Cir. Dec. 2, 2009).

We agree with the district court's finding that it is apparent from the face of the complaint that Plaintiffs' claims are barred by the Alabama statute of limitations. The district court correctly found that each of the counts in Plaintiffs' complaint is time-barred because each involves "the failure to register," and the suit was not brought within two years from the date of the sale. Ala. Code § 8-6-19(f). Although the word "securities" appeared in the original Act that was passed by the Alabama legislature, this word was omitted from the version of the Act codified in the official Code of Alabama. We agree with the district court that it is the language of the Act as codified that has the force of law. *See* Ala. Code § 29-7-8(b)(1); *Swift v. Gregory*, 786 So. 2d 1097, 1100 (Ala. 2000). The district court was also correct in finding that this statute of limitations does not provide for equitable tolling and that, because the language of the statute is unambiguous, the official comments to the statute are not controlling. However, we agree with the

4

district court that, even if the doctrine of equitable tolling applied to the statute of limitations, Plaintiffs' claims would still be time-barred because Plaintiffs should have recognized the alleged violations more than two years before the filing of their complaint. We reject Appellants' contention that it was improper for the district court to consider filings in a separate lawsuit in reaching this conclusion. *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 53-54 (11th Cir. 2006) (holding that a district court could take judicial notice of filing in a separate case without turning motion to dismiss into motion for summary judgment).

Finally, we conclude that the district court did not abuse its discretion when it denied Plaintiffs' request to amend their complaint. First, Plaintiffs failed to file a motion seeking leave to amend their complaint. Instead, they simply requested that the court allow them to amend their complaint in their motion for reconsideration, filed *after* their complaint had already been dismissed. The proper method for requesting leave to amend a complaint is by filing a motion. Fed. R. Civ. P. 7(b); Fed. R. Civ. P. 15(a); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("Filing a motion is the proper method to request leave to amend a complaint . . . A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."). However, even if Plaintiffs had followed the proper procedures in seeking leave to amend,

5

such an amendment would have been futile because the claims that Plaintiffs seek to add would also be time-barred for the reasons set forth above.

Accordingly, we affirm the district court's grant of summary judgment in favor of Appellees as well as the district court's denial of Appellants' request to amend their complaint.

**AFFIRMED.**