SHAW, Justice.
E. Wayne Russell, Jr., appeals from the Lee Circuit Court’s order denying an award of litigation expenses following the dismissal of the underlying eminent-domain action in which the State of Alabama sought to condemn a portion of Russell’s property in Lee County on behalf of the City of Auburn (“the City”). The sole issue raised by Russell on appeal is whether the Lee Circuit Court erred in failing to award litigation expenses, which, Russell maintains, is mandated by § 18-1A-232, Ala.Code 1975. We reverse and remand.
The State filed the underlying condemnation action in the Lee County Probate Court. The probate court entered a final order of condemnation permitting the proposed condemnation and awarding Russell $470,000 in compensation. Russell appealed to the Lee Circuit Court for a trial de novo.
The parties then engaged in various pretrial filings and proceedings — one of which resulted in the City being added as a party — including a third-party complaint against Joe Mclnnes as director of the Alabama Department of Transportation, motions for a summary judgment filed by both the State and the City, and a motion to dismiss filed by Russell in which he challenged the subject-matter jurisdiction of the circuit court. Following a hearing on Russell’s motion to dismiss, the circuit court entered an order on August 20, 2008, dismissing the action.[1] Specifically, the circuit court noted that neither the City nor the director of the Alabama Department of Transportation, both of whom the circuit court determined were necessary and indispensable parties to the condemnation proceeding,[2] were added as parties until the appeal to the circuit court. Therefore, the circuit court concluded, the probate court had never obtained jurisdiction, and the resulting order issued by the probate court, which formed the basis for the appeal to the circuit court, was void.[3]
Russell subsequently filed a motion seeking the award of litigation expenses. *1028 On October 31, 2008, following a hearing, the circuit court entered an order reiterating its conclusion that it lacked subject-matter jurisdiction over the appeal, denying “all pending motions filed subsequent to August 14, 2008” (see supra note 1), and clarifying that its August order dismissed the matter “without prejudice to the Plaintiffs] filing a new case in the Probate Court of Lee County.”
On November 24, 2008, Russell filed a “Motion to Reconsider, Alter or Amend Order Denying Defendant’s Motion for Award of Costs and Other Litigation Expenses” referencing the circuit court’s October 31 order and asserting that the circuit court’s denial of his motion requesting an award of litigation expenses was in error. The circuit court denied that motion by an order entered December 5, 2008, and Russell appealed.
Although the circuit court concluded that it lacked subject-matter jurisdiction over the eminent-domain proceeding, we hold that it nevertheless had jurisdiction over Russell’s motion for litigation expenses. Specifically, a court’s subject-matter jurisdiction “is derived from the Alabama Constitution and the Alabama Code.” Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006). In determining a court’s subject-matter jurisdiction, “we ask only whether the trial court had the constitutional and statutory authority” to hear the case. Seymour, 946 So.2d at 538. Here, the plain language of § 18-lA-232(a) provides that, in an eminent-domain action, “[t]he court shall award the defendant his litigation expenses, in addition to any other amounts authorized by law, if the action is wholly or partly dismissed for any reason.” (Emphasis added.) Section 18-lA-232(a) thus provides the circuit court the “power” to award litigation expenses in this case, even if the action itself was “dismissed for” lack of subject-matter jurisdiction. See also generally State Dep’t of Human Res. v. Estate of Harris, 857 So.2d 818, 820 (Ala.Civ.App.2002) (“Alabama follows the ‘American Rule’ regarding the award of an attorney fee; that rule provides for the recovery of an attorney fee if a fee is allowed by statute, by the terms of a contract, or by a ‘special equity.’ ” (emphasis added)). Russell’s motion seeking litigation expenses was, therefore, unaffected by any lack of subject-matter jurisdiction over the eminent-domain action and was properly filed after the dismissal of that action. See Williams v. Deerman, 724 So.2d 18, 21 (Ala.Civ.App.1998) (stating that a landowner’s claim for costs and fees in a condemnation action that has been dismissed does “not accrue, and the time for ... assertion [of the claim] d[oes] not begin to run,” until the action is dismissed).[4]
*1029 On appeal, as in the circuit court, Russell argues that “[t]he courts of this state have repeatedly held that the plain language of § 18-1A-232 is ‘unambiguous,’ ... and that an award of costs and litigation expenses to the defendant is ‘mandatory’ and ‘required’ by the statute.” In support of that argument, Russell cites Carroll v. Ward, 814 So.2d 287 (Ala.Civ.App.2001). In Carroll, also in connection with a request for fees and expenses following the dismissal of an eminent-domain proceeding, which was later refiled, the Court of Civil Appeals stated:
“Article 13 [of the Eminent Domain Code] allows an award of attorney fees in an eminent domain proceeding, as set out in § 18-1A-232:
“ ‘(a) The court shall award the defendant his litigation expenses, in addition to any other amounts authorized by law, if the action is wholly or partly dismissed for any reason.
“ ‘(b) If the scope of the property to be taken is reduced as the result of (1) a partial dismissal, (2) a dismissal of one or more plaintiffs, or (3) a final judgment determining that the plaintiff cannot take part of the property originally sought to be taken, the court shall award the defendant the portion of his litigation expenses attributable to the property within the scope of the reduction.
“ ‘(c) Costs and litigation expenses authorized by this section may be claimed, taxed, and awarded under the same procedures that apply to costs in other civil actions.’
“Section 18-1A-3(12) defines ‘litigation expenses’ as ‘[t]he sum of the costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, necessary to prepare for anticipated or participation in actual probate or circuit court proceedings.’
“ ‘ “The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” ’
“Swift v. Gregory, 786 So.2d 1097, 1100 (Ala.2000), quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992).
“In its May 2, 2000 order, the trial court made it clear that the dismissal was without prejudice, so that Ward and Buttram could refile their action. The trial court also recognized that ‘the law appears to be clear as to the fixing and awarding of litigation costs in a case where a condemnation is dismissed in whole or in part.’ Although the trial court indicated that a strict application of § 18-1A-232 would not be appropriate under the facts of this case the law is unambiguous. A defendant in a condemnation proceeding is entitled to an award of an attorney fee if the proceeding is dismissed for any reason.’ The fact that the case was dismissed without prejudice and has been refiled does not mean that the Carrolls did not incur litigation expenses in defending the original lawsuit filed in 1994,.”
*1030 814 So.2d at 289-90 (emphasis added). See also Paulk v. McCarty, 855 So.2d 1123, 1126 (Ala.Civ.App.2003) (noting that in Carroll the Court of Civil Appeals “concluded that the phrase ‘shall award’ in § 18-1A-232 was unambiguous and that a litigation-expense award was mandatory when a condemnation action brought pursuant to § 18-3-1 et seq., Ala.Code 1975, had been terminated by the entry of a judgment by a circuit court dismissing a de novo appeal from a probate-court condemnation judgment”).
Similarly, here, although the parties represent to this Court that the eminent-domain action has been refiled, the fact remains that Russell incurred litigation expenses associated with the defense and subsequent appeal of the original eminent-domain proceeding, which was ultimately dismissed. We agree with the Carroll court that the statute is clear and that the award of any litigation expenses is “mandatory.”
The State attempts to argue that the circuit court’s dismissal of the eminent-domain action was based on Russell’s “Rule 12(b)(l)[, Ala. R. Civ. P„] motion” and not on one of the three grounds of dismissal stated in § 18-1A-230, Ala.Code 1975, which provides:
“On motion of the defendant, the court shall dismiss the action in whole or in part, as justice requires, if:
“(1) Upon sustaining a preliminary objection to the plaintiffs complaint, the court determines that a dismissal is required;
“(2) The plaintiff has unjustifiably failed to exercise reasonable diligence in prosecuting the action;
“(3) The plaintiff has failed to pay the full amount required by the judgment within time allowed.”
Therefore, it argues, § 18-1A-232 does not apply. However, the State does not cite any authority in support of that position, nor does it cite any authority indicating that a Rule 12(b) motion is not “a preliminary objection to the plaintiffs complaint” as described in § 18-1A-230(1).[5]
We reverse the order of the circuit court denying Russell’s motion for an award of costs and expenses in the underlying eminent-domain proceeding, and we remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.

. Although the circuit court executed the order on August 14, 2008, that order was not entered by the circuit clerk until August 20, 2008. See Rule 58(c), Ala. R. Civ. P. ("An order or a judgment shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.”).

. Section 18-lA-72(a)(l), Ala.Code 1975, provides that the complaint commencing an eminent-domain action "shall ... [djesignate as a plaintiff each person on whose behalf the property is sought to be taken.” See also Withington v. Cloud, 522 So.2d 263, 265 (Ala.1988) (“ 'The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment.' ” (quoting J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 851 (Ala.1981))).

.The correctness of the circuit court’s dismissal is not an issue in this appeal, and this Court expresses no opinion on that issue.

. Russell’s motion for litigation expenses and attorney fees was not a motion to alter or amend a judgment pursuant to Rule 59(e), Ala. R. Civ. P. See Ford v. Jefferson County, 989 So.2d 542, 545 (Ala.Civ.App.2008) (concluding that petition for assessment of attorney fees and costs was not subject to the 30-day time limitation of Rule 59(e), Ala. R. Civ. P., and observing that "the United States Supreme Court has held that a request for an award of attorney fees ... is not a 'motion to alter or amend a judgment’ ” (citing White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 452, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982))). See also Buchanan v. Stanships, Inc., 485 U.S. 265, 267-68, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988) (reasoning that because the statute at issue "provides for fees independently of the underlying cause of action and only for a ‘prevailing party,’ a motion for fees required an inquiry 'separate from the decision on the merits — an inquiry that cannot even commence until one party has "prevailed” ' ” and that “[sjuch a motion therefore ' “does not imply a change in the judgment, but merely seeks what is due because of the judgment” ’ ” (citations omitted)). Therefore, Russell’s motion to “reconsider” *1029 the denial of that request was not a successive postjudgment motion, and it tolled the 42-day period for filing an appeal. See, e.g., Ex parte Keith, 771 So.2d 1018, 1022 (Ala.1998) (noting that "a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal”).

. The State also contends, relying on language in the circuit court’s October 31, 2008, order in which the circuit court indicated that "[its] Order in regard to the Hearing held on October 30, 2008 is not to be considered a Final Order or Res Judicata in regard to [Russell's] claim for attorneys’ fees,” that the order is a nonfinal order from which an appeal will not lie. However, it is apparent from the record that this language was not an indication of the finality of the circuit court’s ruling. Instead, it appears that this language was intended to express the circuit court's belief that it did not have subject-matter jurisdiction to award the requested expenses but that a future request of those same expenses was available once the matter was refiled in the probate court. In fact, in that same order, the circuit court further stated: "[Russell’s] attorney may well be entitled to all attorney’s fees and costs when this matter is re-filed for services performed and expenses incurred during the first filing of this case.” Therefore, the circuit court clearly denied Russell’s motion for the requested expenses in the underlying case, and its explanation that the issue could be resolved in a later proceeding did not affect the finality of its adjudication.