PITTMAN, Judge.
This appeal arises from efforts by one landowner, Clay Slate, Jr., to obtain access to his "landlocked" parcel of land in Clay County across a nearby parcel owned by Dawn Kelly Strong.
The abbreviated record in this case does not reflect it, but the parties agree in their appellate briefs that, in 2006, Slate brought a civil action in the Clay Circuit Court seeking a prescriptive easement across Strong's property. They further agree that Slate later amended his complaint to assert an additional claim pursuant to statutes providing for a landowner's acquisition of a right-of-way "over the lands intervening and lying between" the owner's property and "the public road nearest or most convenient thereto" via a proceeding in the nature of an action seeking "condemnation of lands for public uses." Ala. Code 1975, §§ 18-3-1 & 18-3-3. The circuit court dismissed Slate's action to the extent that it sought a prescriptive easement but transferred the action to the Clay Probate Court to the extent that a right-of-way was sought under § 18-3-1 et seq.[1] The probate court subsequently entered a judgment awarding Slate a right-of-way, but in April 2011 Strong appealed from that judgment to the Clay Circuit Court, pursuant to Ala. Code 1975, § 18-1A-283 (a portion of the Alabama Eminent Domain Code, Ala. Code 1975, § 18-1A-1 et seq. ), for a trial de novo. The record reflects that the circuit court, in response to dispositive motions filed after the presentation of evidence, entered the following judgment on February 2, 2017:
"This Court finding [Strong's] Response to [Slate's] 'Memorandum of Law' to be well taken, [Slate's] complaint is dismissed."
On February 7, 2017, Strong filed a motion seeking an award of litigation expenses, including surveyor fees and attorney fees, in the amount of $52,020.85; as authority therefor, she cited Ala. Code 1975, § 18A-1A-232, another portion of *43 the Alabama Eminent Domain Code, which provides that "[t]he court shall award the defendant ... litigation expenses, in addition to any other amounts authorized by law, if the action is wholly or partly dismissed for any reason" and that "[c]osts and litigation expenses authorized by this section may be claimed, taxed, and awarded under the same procedures that apply to costs in other civil actions." § 18A-1A-232(a) and (c). On March 2, 2017, Slate filed a motion, pursuant to Rule 59, Ala. R. Civ. P., challenging the correctness of the circuit court's judgment of dismissal; he also filed a written objection to Strong's attorney-fee request contained in her motion for an award of litigation expenses on the basis that the fees sought were, he said, "excessive and unreasonable." The record does not reflect any order of the circuit court acting on either party's motion.
On May 18, 2017, Strong filed a notice of appeal and a docketing statement in which she listed her motion for an award of litigation expenses as having been filed on February 7, 2017, and as having been disposed of on May 8, 2017; however, she listed Slate's Rule 59 motion as not having been disposed of. This court held Strong's appeal in abeyance pursuant to Rule 4(a)(5), Ala. R. App. P., so that the Rule 59 motion could be ruled on by the circuit court or be deemed denied pursuant to Rule 59.1, Ala. R. Civ. P., which provides for the automatic denial of postjudgment motions pursuant to Rules 50, 52, 55, and 59, Ala. R. Civ. P., following the passage of 90 days after the filing of such motions (absent a written agreement of all parties or an extension by the appropriate appellate court). Counsel for Strong notified this court of the denial of Slate's Rule 59 motion by operation of law, after which the record in this appeal was initially prepared. The appeal was transferred to our supreme court because of lack of appellate jurisdiction, after which that court retransferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).[2]
On appeal, Strong challenges what she believes is the denial of her request for the award of litigation expenses. In this case, the record, even as supplemented by the circuit court in July 2017, reflects no ruling by the circuit court on Strong's motion seeking an award of litigation expenses, and, in the absence of such a ruling, we have nothing to review. However, in her appellate brief, Strong asserts that her motion seeking litigation expenses was "denied by operation of law," apparently adhering to the position she took in her docketing statement that the motion was impliedly denied by the lapse of 90 days following its having been filed without intervening affirmative action thereon by the circuit court.
Strong's contention that her motion has been denied by operation of law is refuted by our supreme court's reasoning in Russell v. State, 51 So.3d 1026 (Ala. 2010). In Russell, an appeal by landowner E. Wayne Russell, Jr., to the Lee Circuit Court from the Lee Probate Court's condemnation judgment was dismissed on grounds that were favorable to the landowner, i.e., that the Lee Probate Court's judgment had been entered in the absence of indispensable parties and, therefore, was void. The landowner then filed a motion seeking an award of litigation expenses; however, the *44 Lee Circuit Court entered an order on October 31, 2008, denying, among other things, the landowner's motion. The landowner then filed a motion to alter or amend that ruling, alleging that the denial of litigation expenses had been erroneous; the Lee Circuit Court denied that motion, and the landowner appealed to our supreme court.
Before reaching the merits of the landowner's appeal, our supreme court, in assessing its own appellate jurisdiction, considered whether the motion to alter or amend the October 31, 2008, ruling on the motion to award litigation expenses constituted a "successive postjudgment motion" that would not have tolled the time for taking an appeal. That court answered that question in the negative, using reasoning that applies directly to this case:
"Russell's motion for litigation expenses and attorney fees was not a motion to alter or amend a judgment pursuant to Rule 59(e), Ala. R. Civ. P. See Ford v. Jefferson County, 989 So.2d 542, 545 (Ala. Civ. App. 2008) (concluding that petition for assessment of attorney fees and costs was not subject to the 30-day time limitation of Rule 59(e), Ala. R. Civ. P., and observing that 'the United States Supreme Court has held that a request for an award of attorney fees ... is not a "motion to alter or amend a judgment" ' (citing White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 452, 102 S.Ct. 1162, 71 L.Ed. 2d 325 (1982) ) ). See also Buchanan v. Stanships, Inc., 485 U.S. 265, 267-68, 108 S.Ct. 1130, 99 L.Ed. 2d 289 (1988) (reasoning that because the statute at issue 'provides for fees independently of the underlying cause of action and only for a "prevailing party," a motion for fees required an inquiry "separate from the decision on the merits-an inquiry that cannot even commence until one party has 'prevailed' " ' and that '[s]uch a motion therefore " 'does not imply a change in the judgment, but merely seeks what is due because of the judgment' " ' (citations omitted) ). Therefore, Russell's motion to 'reconsider' the denial of that request was not a successive postjudgment motion, and it tolled the 42-day period for filing an appeal. See, e.g., Ex parte Keith, 771 So.2d 1018, 1022 (Ala. 1998) (noting that 'a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal')."
51 So.3d at 1028-29 n.4 (first emphasis added). Similarly, in this case, Strong's motion for an award of litigation expenses was not a postjudgment motion pursuant to Rules 50, 52, 55, or 59, Ala. R. Civ. P., so as to be susceptible to the operation of the 90-day automatic-denial provisions of Rule 59.1, Ala. R. Civ. P., but, rather, was in the nature of a motion under Rule 54(d), Ala. R. Civ. P., that " 'required an inquiry "separate from the decision on the merits" ' " of Slate's right-of-way claim. Russell, 51 So.3d at 1028 n.4.
"Generally an appeal can be brought only by a party or his personal representative from an adverse ruling contained in a final judgment." Home Indem. Co. v. Anders, 459 So.2d 836, 842 (Ala. 1984) (citations omitted). Although the circuit court has ruled on Slate's right-of-way claim in a final judgment, that court has not explicitly or (in light of Williams ) implicitly acted in any substantive manner upon Strong's motion for an award of litigation expenses, including her requests for awards of attorney fees and surveyor fees. Thus, Strong has not appealed from a final judgment that is adverse to her. We therefore dismiss the appeal, albeit without prejudice to the circuit court's plenary consideration, after this court's certificate of judgment has been issued, of the parties'
*45 respective positions on Strong's request for an award of litigation expenses.
APPEAL DISMISSED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

As we stated in Williams v. Minor, 202 So.3d 676, 678-79 (Ala. Civ. App. 2016), under Ala. Code 1975, § 12-11-11, as construed in Ex parte E.S., 205 So.3d 1245 (Ala. 2015), a court, such as the Clay Circuit Court, "has an obligation to transfer a case outside its subject-matter jurisdiction to an appropriate court within the same county should such a court exist." In Alabama, the court having original jurisdiction over right-of-way condemnation claims is the probate court. See Ala. Code 1975, § 18-3-3.

Slate attempted to appeal from the circuit court's judgment of dismissal via electronic filing, but he did not properly file a notice of appeal in a timely manner; on August 3, 2017, Slate's appeal was dismissed by this court on the authority of Alabama Department of Revenue v. Frederick, 166 So.3d 123 (Ala. Civ. App. 2014). Slate v. Strong, (No. 2160805, Aug. 3, 2017), --- So. 3d ---- (Ala. Civ. App. 2017) (table).